*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* TACY, Minors.

UNPUBLISHED
January 18, 2024

No. 366331
Lapeer Circuit Court
Family Division
LC No. 22-012968-NA

Before: CAVANAGH, P.J., and RICK and PATEL, JJ.

PER CURIAM.

Respondent[1] appeals as of right the trial court's order terminating his parental rights to the minor children, ANT and MMT, under MCL 712A.19b(3)(f). Because the trial court erroneously relied on MCL 712A.2(b)(2) as a ground for termination, failed to make adequate findings regarding MCL 712A.19b(3)(f), and failed to explicitly address the children's relative placement, we vacate the termination order and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

Respondent and the children's mother initially lived together as a family unit. On two occasions, ANT escaped their apartment while respondent was sleeping. On two other occasions, respondent did not pick ANT up from school until police came to his home. Child protective services (CPS) investigated both of the latter incidents and substantiated a charge of improper supervision against respondent. In December 2018, respondent and mother ended their relationship. Mother relinquished primary care of MMT, who was not yet school-age, to petitioners, the maternal grandmother and her husband. Because ANT was enrolled in school, she continued to live with mother, who had entered a new relationship with a man who was physically abusive. ANT reported two incidents when she was knocked unconscious from abuse at the hands

---

[1] The trial court also terminated the parental rights of the minor children's mother during the lower court proceedings, but she has not appealed the order and is not listed as party to this appeal. Consequently, we will refer to her as "mother," the children's father as "respondent," and only discuss mother's involvement in the case when necessary for a full understanding of the facts.

of mother's boyfriend. In June 2019, when the school year finished, ANT joined MMT living with petitioners.

Grandmother believed she would only be caring for the minor children temporarily. As she continued to take over more of the children's daily needs, she ran into issues because she was not the children's legal guardian and could not find the children's mother. As a result, grandmother petitioned the probate court to appoint her and her husband as guardians. Respondent appeared at a February 2020 hearing regarding the guardianship petition and consented to the guardianship. Respondent told the trial court he planned to have his life together to take custody of his children again by August 2020. The probate court explained respondent's rights and appointed grandmother and her husband as the legal guardians of ANT and MMT. Petitioners informed the probate court that they did not need financial support, so a child support order was not entered.

From March 2020 to March 2022, respondent visited the children only three times: once each in July 2020, August 2020, and December 2020. Respondent contacted the children via telephone only two or three times during the two-year period. Respondent did not provide petitioners any money to help care for his children during that same two-year period. In March 2022, petitioners initiated the instant litigation by petitioning the trial court to take jurisdiction of the minor children under MCL 712A.2(b)(1), (2), and (6), and terminate respondent's parental rights at the initial disposition under MCL 712A.19b(3)(f).[2] After a three-day jury trial held regarding jurisdiction, a unanimous jury concluded a preponderance of the evidence supported jurisdiction.

The trial court held a five-day termination hearing beginning in January 2023 and ending in May 2023. Evidence and testimony showed petitioners handled all of the children's needs, whether it be medical, educational, spiritual, disciplinary, or nutritional. Respondent did not participate in any manner with respect to the children's medical appointments, dental visits, and school work. The children's therapist, Laura Gualdoni, testified termination of respondent's parental rights was in the best interests of the minor children because they had permanency and stability with petitioners. Dr. Harold Sommershield conducted psychological evaluations of petitioners, respondent, ANT, and MMT. He also performed an evaluation of the best interests of the minor children. Dr. Sommershield determined it was in the minor children's best interests for petitioners to adopt them. However, Dr. Sommershield believed it would be best for respondent to remain in the children's lives.

For his part, respondent blamed his lack of involvement in the children's lives on interference from grandmother. Respondent claimed grandmother did not return his calls and would not let him speak with or visit the children in the two years preceding the filing of the petition in this case. Grandmother testified she never barred respondent from contacting or visiting the children. After the petition was filed, the trial court gave discretion to petitioners regarding whether respondent could have parenting time. Petitioners permitted respondent to visit the children for one hour weekly and have one weekly telephone call. But respondent missed a substantial number of both, which he blamed on work. He also claimed grandmother did not allow

---

[2] Petitioners amended their petition in April 2022 requesting the trial court to take jurisdiction of the minor children under MCL 712A.2(b)(2) and (6).

him to reschedule any of the visits or telephone calls, which he contended inhibited him from developing a relationship with the children.

After the termination hearing, the trial court ruled from the bench. It found there was clear and convincing evidence of statutory grounds for termination, and that a preponderance of the evidence supported termination of respondent's parental rights was in the minor children's best interests. The trial court entered an order memorializing the decision, and this appeal followed.

## II. STATUTORY GROUNDS FOR TERMINATION

### A. STANDARD OF REVIEW

We review a trial court's factual findings regarding statutory grounds for termination of parental rights and the decision to terminate parental rights for clear error. MCR 3.977(K); *In re White*, 303 Mich App 701, 709; 846 NW2d 61 (2014). We also review a trial court's decision that termination is in a child's best interests for clear error. *In re Atchley*, 341 Mich App 332, 346; 990 NW2d 685 (2022). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re Sanborn*, 337 Mich App 252, 276; 976 NW2d 44 (2021) (cleaned up). "To be clearly erroneous, a decision must be more than maybe or probably wrong." *In re Ellis*, 294 Mich App 30, 33; 817 NW2d 111 (2011). "When applying the clear-error standard in parental termination cases, 'regard is to be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it.' " *In re Mota*, 334 Mich App 300, 320; 964 NW2d 881 (2020), quoting *In re Miller*, 433 Mich 331, 337; 445 NW2d 161 (1989); see also MCR 2.613(C). "We review the interpretation and application of statutes and court rules de novo." *In re Ferranti*, 504 Mich 1, 21; 934 NW2d 610 (2019).

### B. APPARENT RELIANCE ON MCL 712A.2(B)(2)

Respondent argues the trial court erred when analyzing statutory grounds for termination by relying on a jurisdictional statute. We agree.

"In Michigan, child protective proceedings comprise two phases: the adjudicative phase and the dispositional phase." *In re Sanders*, 495 Mich 394, 404; 852 NW2d 524 (2014). "Generally, a court determines whether it can take jurisdiction over the child in the first place during the adjudicative phase." *Id.* "The court can exercise jurisdiction if a respondent-parent enters a plea of admission or no contest to allegations in the petition, see MCR 3.971, or if the [petitioner] proves the allegations at a trial, see MCR 3.972." *In re Ferranti*, 504 Mich at 15. "The question at adjudication is whether the trial court can exercise jurisdiction over the child (and the respondents-parents) under MCL 712A.2(b) so that it can enter dispositional orders, including an order terminating parental rights." *Id.* "Jurisdiction must be established by a preponderance of the evidence." *In re BZ*, 264 Mich App 286, 295; 690 NW2d 505 (2004).

In this case, the trial court's jurisdiction was established after a jury concluded that jurisdiction under MCL 712A.2(b) was supported by a preponderance of the evidence. Petitioners contended jurisdiction was appropriate under MCL 712A.2(b)(2) and (6), and presented evidence of those grounds during trial. The jury specifically found: "One or more of the statutory grounds alleged in the petition concerning [ANT] and/or [MMT] have been proven." Respondent did not

appeal the decision regarding jurisdiction at the time it was made, and does not challenge it in this appeal.

When the termination hearing ended, the trial court ruled from the bench, noting it first had to address whether statutory grounds existed to terminate respondent's parental rights, explaining the standard was clear and convincing evidence. After addressing and making findings regarding MCL 712A.19b(3)(f), the trial court then stated: "But also, [] the home environment, due to neglect by both parents, is an unfit place for the children to live." The trial court made factual findings and determined there was clear and convincing evidence "to support an unfit home . . . ." The language used by the trial court in its analysis regarding the home environment mimics the language used in MCL 712A.2(b)(2), which is a statutory ground for jurisdiction, not termination. There is no such similar ground for termination in MCL 712A.19b(3).

As our Supreme Court has explained: "In Michigan, child protective proceedings comprise two phases: the adjudicative phase and the dispositional phase." *In re Sanders*, 495 Mich at 404. The adjudicative phase concluded when the jury determined jurisdiction was established under MCL 712A.2(b). The case then entered the dispositional phase, which included the termination hearing. "To terminate parental rights, the trial court must find that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been proved by clear and convincing evidence." *In re Pederson*, 331 Mich App 445, 472; 951 NW2d 704 (2020) (cleaned up). MCL 712A.2b is a jurisdictional statute; it does not provide a ground for termination. Accordingly, to the extent the trial court relied on MCL 712A.2(b)(2) as a ground for termination, the trial court clearly erred.

Petitioners tacitly acknowledge the error but claim it was harmless because the trial court made adequate factual findings as related to MCL 712A.19b(3)(f) and only one ground for termination is required. Indeed, if at least one statutory ground for termination is established, "we need not consider whether the other grounds cited by the trial court also supported the termination decision." *In re Foster*, 285 Mich App 630, 633; 776 NW2d 415 (2009). However, as we address below, we must vacate the trial court's order terminating respondent's parental rights to the minor children and remand this case to the trial court for further proceedings due to the trial court's inadequate factual findings.

### C. TERMINATION UNDER MCL 712A.19B(3)(F)

We conclude that the trial court clearly erred when it terminated respondent's parental rights under MCL 712A.19b(3)(f) without making sufficient factual findings regarding financial abandonment. Accordingly, we vacate the trial court's order terminating respondent's parental rights to the minor children and remand to the trial court for further proceedings.

MCL 712A.19b(3)(f) provides termination is appropriate under the following circumstances:

(f) The child has a guardian under the estates and protected individuals code [(EPIC), MCL 700.1101 *et seq*.], and both of the following have occurred:

(*i*) The parent, having the ability to support or assist in supporting the minor, has failed or neglected, without good cause, to provide regular and substantial support for the minor for a period of 2 years

-4-

or more before the filing of the petition or, if a support order has been entered, has failed to substantially comply with the order for a period of 2 years or more before the filing of the petition.

(*ii*) The parent, having the ability to visit, contact, or communicate with the minor, has regularly and substantially failed or neglected, without good cause, to do so for a period of 2 years or more before the filing of the petition.

Analysis of this issue requires us to engage in statutory interpretation. "The principal goal of statutory interpretation is to give effect to the Legislature's intent, and the most reliable evidence of that intent is the plain language of the statute." *South Dearborn Environmental Improvement Ass'n, Inc v Dep't of Environmental Quality*, 502 Mich 349, 360-361; 917 NW2d 603 (2018). "We accord to every word or phrase of a statute its plain and ordinary meaning, unless a term has a special, technical meaning or is defined in the statute." *Guardian Environmental Servs, Inc v Bureau of Const Codes and Fire Safety*, 279 Mich App 1, 6; 755 NW2d 556 (2008). "Where the statutory language is unambiguous, the plain meaning reflects the Legislature's intent and the statute must be applied as written." *Honigman Miller Schwartz & Cohn LLP v City of Detroit*, 505 Mich 284, 294; 952 NW2d 358 (2020) (cleaned up). If a statutory term is undefined, it "must be accorded its plain and ordinary meaning[;]" but a legal term of art "must be construed in accordance with its peculiar and appropriate legal meaning." *Brackett v Focus Hope, Inc*, 482 Mich 269, 276; 753 NW2d 207 (2008), citing MCL 8.3a.

The plain language of MCL 712A.19b(3)(f) has several requirements, the first of which is that the minor children have guardians under EPIC. Neither party disputes petitioners were the guardians of the minor children, which the trial court properly found. MCL 712A.19b(3)(f). In addition to the existence of the guardianship, subsection (f) requires that subsections (*i*) and (*ii*) are both met. *Id*. Subsection (*i*) can be met if one of the following is established by clear and convincing evidence: (1) respondent "having the ability to support or assist in supporting the minor, has failed or neglected, without good cause, to provide regular and substantial support for the minor for a period of 2 years or more before the filing of the petition or," (2) in the event a support order was entered in the guardianship case, respondent "failed to substantially comply with the order for a period of 2 years or more before the filing of the petition." MCL 712A.19b(3)(f)(*i*). As for MCL 712A.19b(3)(f)(*ii*), a petitioner must establish that respondent "having the ability to visit, contact, or communicate with the minor, has regularly and substantially failed or neglected, without good cause, to do so for a period of 2 years or more before the filing of the petition." In simpler terms, termination under MCL 712A.19b(3)(f) requires proof by clear and convincing evidence that for at least two years before the petition was filed, while a guardianship was in place, the parent effectively abandoned the minor children both financially and physically. Importantly, MCL 712A.19b(3)(f) allows for termination only when *both* financial and physical abandonment are proven.

In this case, the trial court made the following findings regarding MCL 712A.19b(3)(f)(*i*):

So the first part of the trial, there is some argument. So the main statutory provision is the child has a guardian under the Probate Court, and the parent has failed or neglected to provide regular and substantial support for the child for two

-5-

years, if a support order has been entered. And everyone agrees there's no support order entered, so it would appear that that provision doesn't even apply, because no support order was entered. It is also clear that there has been no support from either parent for two or more years. But again, no support order was entered.

The trial court appeared to believe fulfillment of subsection (f)(*i*) was unnecessary to terminate respondent's parental rights because a support order had not been entered. But the plain language of MCL 712A.19b(3)(f)(*i*) required the trial court to determine whether respondent had the ability to support or help support the minor children but failed to do so without good cause.[3] Although the trial court found it was "clear that there has been no support from either parent for two or more years," this was insufficient to satisfy MCL 712A.19b(3)(f)(*i*) because the trial court did not make any finding regarding respondent's ability to support or help support the minor children or whether respondent had good cause to fail to support his children. Accordingly, we vacate the trial court's order terminating respondent's parental rights to the minor children and remand to the trial court to make factual findings regarding MCL 712A.19b(3)(f)(*i*) and (*ii*).[4]

## III. BEST INTERESTS

Respondent also argues that the trial court clearly erred by finding that termination of his parental rights was in the best interests of the minor children. Because the trial court failed to address the issue of relative placement, we vacate the trial court's best-interest analysis and remand for further proceedings.

### A. STANDARD OF REVIEW

"We [] review for clear error a trial court's decision that termination is in a child's best interests." *In re Jackisch/Stamm-Jackisch Minors*, 340 Mich App 326, 333; 985 NW2d 912 (2022). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *Id.*

### B. LAW AND ANALYSIS

"If a trial court finds that a statutory basis for terminating parental rights exists by clear and convincing evidence, it is required to terminate parental rights if it finds from a preponderance of evidence on the whole record that termination is in the children's best interests." *In re Brown/Kindle/Muhammad Minors*, 305 Mich App 623, 637; 853 NW2d 459 (2014) (cleaned up); see also MCL 712A.19b(5). The focus of the best-interest determination is on the child, not the parent. *In re Schadler*, 315 Mich App 406, 411; 890 NW2d 676 (2016). Factors to be considered for purposes of the best-interest analysis include "the child's bond to the parent, the parent's

---

[3] This Court has defined "good cause" as "a legally sufficient or substantial reason . . . ." *In re Utrera*, 281 Mich App 1, 10-11; 761 NW2d 253 (2008).

[4] Because we must vacate the trial court's order terminating respondent's parental rights, it is not necessary for us to address respondent's challenges to the trial court's findings related to MCL 712A.19b(3)(f)(*ii*).

parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts Minors*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012) (cleaned up). A court may also consider whether it is likely that a child could be returned to a parent's home "within the foreseeable future, if at all." *In re Frey*, 297 Mich App 242, 249; 824 NW2d 569 (2012). Other relevant factors include "a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption." *In re White*, 303 Mich App 701, 714; 846 NW2d 61 (2014). The trial court may also consider a parent's substance abuse problems. *In re AH*, 245 Mich App 77, 89; 627 NW2d 33 (2001). If a child is in the care of a relative at the time of the termination hearing, the trial court must also explicitly address that factor. *In re Mason*, 486 Mich 142, 164; 782 NW2d 747 (2010). A "relative" is defined as any "individual who is at least 18 years of age and is . . . [r]elated to the child within the fifth degree by blood, marriage, or adoption[.]" MCL 712A.13a(1)(j)(*i*).

In this case, the trial court's best-interest analysis failed to expressly consider ANT and MMT's placement with their maternal grandmother and step-grandfather, who are clearly relatives as defined by MCL 712A.13a(1)(j)(*i*). Because the children's placement with relatives was a factor that weighed against termination, MCL 712A.19a(8)(a), the trial court was required to explicitly address that factor in its analysis, *Olive/Metts*, 297 Mich App at 43. "A trial court's failure to explicitly address whether termination is appropriate in light of the children's placement with relatives renders the factual record inadequate to make a best-interest determination and requires reversal." *Id*. See also *In re Mays*, 490 Mich 993, 994; 807 NW2d 304 (2012). We conclude that the trial court clearly erred by finding that termination of respondent's parental rights was in ANT and MMT's best interests without considering their relative placement. Accordingly, we vacate the trial court's best-interest analysis and remand this case to the trial court for further proceedings to promptly consider the issue of the children's placement with relatives in the context of its best-interest analysis as required by our discussion in *In re Olive/Metts*, 297 Mich App at 43-44.

## IV. CONCLUSION

For the reasons stated above, we vacate the trial court's order terminating respondent's parental rights and remand with instructions for the trial court to make findings whether termination of respondent's parental rights to the minor children under MCL 712A.19b(3)(f) is supported by clear and convincing evidence and, if the court finds the statutory ground for termination has been proved by clear and convincing evidence, consider the issue of the children's placement with relatives in the context of its best-interest analysis. We retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Michelle M. Rick
/s/ Sima G. Patel

-7-

# Court of Appeals, State of Michigan

# ORDER

Mark J. Cavanagh
Presiding Judge

In re Tacy Minors

Docket No.   366331

Michelle M. Rick

LC No.   22-012968-NA

Sima G. Patel
Judges

---

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court.

Proceedings on remand in this matter shall commence within 56 days of the Clerk's certification of this order, and they shall be given priority on remand until they are concluded. As stated in the accompanying opinion, the court is to make findings whether termination of respondent's parental rights to the minor children under MCL 712A.19b(3)(f) is supported by clear and convincing evidence and, if the court finds the statutory ground for termination has been proved by clear and convincing evidence, make findings with respect to the relative placement in the context of its overall best-interest analysis.

The parties shall promptly file with this Court a copy of all papers filed on remand. The trial court shall complete the proceedings within 63 days after the issuance of this order. Within seven days after entry, respondent shall file with this Court copies of all orders entered on remand.

The transcript of all proceedings on remand shall be prepared and filed with 21 days after completion of the proceedings. We retain jurisdiction.

Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

January 18, 2024
Date

Chief Clerk